UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at WINCHESTER

| TROY E. LIGGETT, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 4:08-cv-86 |
| | ) | *Judge Mattice* |
| SGT. DUSTIN MANSFIELD; SHERIFF STEVE GRAVES; CAPT. PAM FREEMAN; LT. ANN WELCH; | ) | JURY DEMAND |
| Defendants. | ) | |

## MEMORANDUM

Plaintiff Troy E. Liggett ("Liggett") has filed a *pro se* prisoner's civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff seeks to have his record expunged and a judgment in the amount of $5,000,000.00 in compensatory damages.

The essence of Liggett's claim is that he was unconstitutionally strip searched in violation of a July 2008 Coffee County Jail policy. Specifically, Liggett asserts that he is a sex offender and he and three other sex offender inmates were strip searched during a cell and inmate search in preparation for State inspection. According to Liggett, Coffee County Jail policy only permits strip searches of inmates on work release, and neither he nor the other three inmates had been allowed on work release.

Before the Court is Defendants' response to the Court's order directing them to supplement the record with proof to support their affirmative defense that Plaintiff did not exhaust his administrative remedies. For the reasons set forth herein, Liggett's complaint will be **DISMISSED** without prejudice for failure to demonstrate exhaustion of administrative remedies [Court Doc. 3].

1

## I. Screening Pursuant to 42 U.S.C. § 1997e

The Prison Litigation Reform Act of 1995 ("PLRA") amended 42 U.S.C. § 1997e to require prisoners to exhaust administrative remedies before filing suit. *See Davie v. Wingard*, 958 F.Supp. 1244, 1253-54 (S.D. Ohio 1997). The PLRA mandates early judicial screening of prisoner complaints and requires prisoners to exhaust prison grievance procedures before filing suit. 28 U.S.C. § 1915A; 42 U.S.C. § 1997e. The applicable section of 42 U.S.C. § 1997e provides the following:

> 1997e. Suits by prisoners
>
> (a) Applicability of administrative remedies
>
> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

Liggett apparently was aware of and understood the grievance procedure as he acknowledges, in his complaint, that the Coffee County Jail has a grievance procedure but he did pursue his complaint through that procedure [Court File No. 3, p. 2.]. Defendants assert the affirmative defense that Liggett did not fully exhaust his available administrative remedies.

Before a prisoner may bring a civil rights action pursuant to 42 U.S.C. § 1983, he must exhaust all available administrative remedies. 42 U.S.C. § 1997e. "There is no question that exhaustion is mandatory under the [Prison Litigation Reform Act] and that unexhausted claims cannot be brought in court." *Bock v. Jones*, 549 U.S. 199, 210-212, (2007) (abrogating the Sixth Circuit's rule that plaintiffs must plead administrative

exhaustion and holding that failure to exhaust administrative remedies is an affirmative defense to be established by defendants).

In support of their response to the Court's Order, Defendants have filed the affidavit of Charles Beatty, who avers he is employed by the Coffee County Sheriff's Department as the "acting jail lieutenant," and he is the one to whom all grievances are to be directed. Further, Lt. Beatty avers all grievances are placed in the inmate's "Jail File" [Court Doc. 15]. According to Lt. Beatty, Liggett never filed a grievance related to a strip search and has not filed any other grievances other than those matters identified in the grievances in his jail file. The Court notes, however, that there is not a single document identified as a grievance in Liggett's jail file. There are, however, notes from Liggett addressed to Capt. Freeman, but none of them pertain to the alleged strip search and none of them indicate that an appeal was filed.

Defendants also filed the affidavit of Pam Freeman, who avers she is a Captain with the Coffee County Sheriff's Department and is the "acting Jail Administrator for the Coffee County Jail[.]" [Court Doc. 16]. According to Capt. Freeman, the grievance procedure at the Coffee County Jail requires an inmate to make a grievance in writing and direct it to the Jail Lieutenant. In addition, Capt. Freeman avers all grievances are filed in the inmate's "Jail File," and she is unaware of any other grievance filed by Liggett other than those reflected in his Jail File. As previously noted, the Court is unable to locate any document entitled "Grievance" in Liggett's Jail File.

Defendants contend the Coffee County Jail provides jail rules to each inmate— presumably they mean each inmate is provided a Jail Information Handbook. The grievance procedures are contained in the Jail Information Handbook. Coffee County Jail

3

has a three-step grievance process, which is explained in the Jail Information Handbook [Court Doc. 16-1, p. 8].

The jail does not utilize a formal grievance form. Rather, step one is completed by the inmate writing a letter to the Jail Lieutenant, which is required to be clearly marked with the word "GRIEVANCE" on the top of the page, describing his complaint and including all pertinent information. The inmate will be notified that the letter was received and within five working days of receiving the letter, the Jail Lieutenant shall discuss the issue with the inmate, document the discussion, and note whether the grievance was resolved or not (step two). The inmate may appeal to the Jail Administrator, who has three days from receipt of the appeal to notify the inmate of the progress, resolution, or denial of the issue (step three).

Defendants maintain that all grievances are date-stamped the date they are received and placed into the inmate file [Court Doc. 16]. Defendants have filed a copy of Liggett's inmate file [Court Doc.17]. The Court has reviewed the documents. None of the documents in Liggett's file are identified as a grievance and none of the documents appear to be date-stamped. There are no documents complaining about the alleged strip search. There are several written requests for early release and complaints of alleged exposure to an inmate with staff, all of which the Defendants claim were addressed, but none of which reflect they were either addressed or resolved. Nevertheless, there is no grievance or request pertaining to the claimed strip search and Liggett does not claim that he filed a grievance on this matter.

A prisoner who fails to follow the correctional facilities grievance procedures is unable to demonstrate he exhausted his administrative remedies. Liggett has not filed a

4

reply to Defendants' response, thus, he apparently does not dispute that he failed to fully exhaust his administrative remedies. Moreover, in his complaint, he does not allege he pursued his claim through the complete administrative grievance procedure or that he exhausted his administrative remedies. Liggett merely claims he did not file a grievance because he "could not have cause of the matter being so sever for common action." [Court Doc. 3, p. 2]. Consequently, since Liggett did not file any formal grievances or grievance appeals concerning the claim he has raised in his complaint, he did not exhaust the administrative remedies available to him prior to initiating this litigation as required by 42 U.S.C. 1997e.

As previously noted, "exhaustion is mandatory under the PLRA and . . . unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. at 210-212. Although failure to exhaust is an affirmative defense under the PLRA and inmates are not required to specially plead or demonstrate exhaustion in their complaint, they must demonstrate exhaustion when a defendant raises the defense. *Id*. at 216. Thus, once failure to exhaust administrative remedies is raised and demonstrated by the defense, a plaintiff must set forth evidence to show he has complied with the requirements of exhaustion. To establish exhaustion of administrative remedies, a plaintiff must demonstrate he presented his grievance(s) "through one complete round" of the established grievance process. *Thomas v. Woolum*, 337 F.3d 720, 733 (6th Cir. 2003). A prisoner who files a grievance but does not appeal to the highest possible administrative level, does not exhaust available administrative remedies. *See Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999).

Liggett admits he did not file a grievance and does not claim that an administrative remedy was unavailable. *See Boyd v. Corrections Corp. of America*, 380 F.3d 989, 996 (6th Cir. 2004) (discussing when exhaustion requirement is satisfied when prison officials fail to respond to grievance). Thus, he has simply failed to abide by the exhaustion requirement pursuant to 42 U.S.C. § 1997e.

The undisputed record before the Court reflects Liggett has never filed a formal grievance or an appeal addressing the claim he has raised in his complaint (Court Doc. 14-1). Liggett has not rebutted this showing by presenting evidence or explaining his failure to fully pursue his claim through each level of the prison grievance system or submitting evidence demonstrating he has, in fact, complied with the requirement of exhaustion. Under these circumstances, Liggett's complaint must be dismissed for failure to fully exhaust administrative remedies.

Accordingly, the complaint will be **DISMISSED WITHOUT PREJUDICE** for failure to fully exhaust administrative remedies as required by 42 U.S.C. § 1997e [Court Doc. 3].

An appropriate judgment will enter.

    /s/Harry S. Mattice, Jr.
    HARRY S. MATTICE, JR.
    UNITED STATES DISTRICT JUDGE